UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANCES BOENSCH,

        Plaintiff,

                                  Case Number 10-10120-BC
v.                                     Honorable Thomas L. Ludington

DELTA COLLEGE,

        Defendant.

_____ /

**ORDER DISMISSING ORDER TO SHOW CAUSE, DENYING MOTION FOR
PROTECTIVE ORDER AS MOOT, AND SETTING BRIEFING SCHEDULE ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On January 12, 2010, Plaintiff Frances Boensch filed a four-count complaint against her

former employer, Defendant Delta College, contending that her employment was terminated in

violation of the Due Process Clause and the Equal Protection Clause of the 14th Amendment. *See*

42 U.S.C. § 1983 (providing a private right of action to remedy constitutional violations). Plaintiff

also alleged state law claims for retaliation in violation of the Elliott-Larsen Civil Rights Act and

breach of contract. The complaint alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331

over the constitutional claims and supplemental jurisdiction over the state-law claims pursuant to

28 U.S.C. § 1367.

After engaging in eight months of discovery, Defendant filed a motion for summary

judgment on July 30, 2010, contending, inter alia, that Plaintiff's federal claims are barred by

Eleventh Amendment immunity because Defendant is an "arm of the state." On August 23, 2010,

the Court issued an order directing Plaintiff to show cause why her complaint should not be

dismissed for lack of jurisdiction. The order noted that this Court had dismissed a similar case

against Defendant Delta College on Eleventh Amendment immunity grounds one month before this case was filed. *See Hall v. Delta College*, No. 09-10193-BC (E.D. Mich. Dec. 15, 2009). Although the Court's opinion in *Hall* was unpublished, the attorneys involved in this case were also involved in *Hall* and were aware of the Court's decision.

On August 31, 2010, Plaintiff filed a response to the order to show cause indicating that after this Court's decision in *Hall* and before the filing of Plaintiff's complaint in this case, the Honorable Gordon Quist, a U.S. District Judge in the Western District of Michigan, issued an opinion that raises substantial questions about whether Michigan community colleges are immune from suit under the Eleventh Amendment. *See Lansing Cmty. Coll. v. Nat'l Union Fire Ins. Co.*, 681 F. Supp. 2d 868 (W.D. Mich. 2010). As Defendant emphasizes, the *Lansing Community College* decision is not conclusive authority for this Court. Defendant also emphasizes that the case focused on a different issue: diversity jurisdiction as opposed to sovereign immunity. Nevertheless, Judge Quist's decision includes careful analysis of whether Lansing Community College is an "arm of the state" as opposed to a "political subdivision" of the state. Judge Quist concluded that the college is a political subdivision, which, for Eleventh Amendment purposes, would mean it is not immune from suit in federal court. Judge Quist's decision, on its face, is different than Judge Rosen's decision in *United States ex rel Diop v. Wayne County Community College District*, 242 F. Supp. 2d 497 (E.D. Mich. 2003), which the Court and the parties relied on in *Hall*.

Moreover, in *Hall*, this Court did not provide detailed analysis of the factors that are relevant to the consideration of Eleventh Amendment immunity. Rather, it focused on Hall's acknowledgment that the college was immune. In contrast to *Hall*, the Plaintiff in this case contends that Defendant Delta College is not immune from suit. Although a response to the order to show

cause that explained *why* Delta College is not immune would have been preferred, Plaintiff's response at least raises questions that merit further consideration. Accordingly, the order to show cause will be dismissed and Plaintiff will be directed to respond to the issues raised in Defendant's motion for summary judgment.

Accordingly, it is **ORDERED** that the order to show cause entered on August 24, 2010 [Dkt. # 18] is **DISMISSED**.

It is further **ORDERED** that Defendant's motion for a protective order [Dkt. # 22] is **DENIED AS MOOT** in light of the Court's decision to provide further consideration to Defendant's motion for summary judgment.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a response to Defendant's motion for summary judgment on or before **September 22, 2010**. Defendant may file a reply in accordance with the time limits set forth in Local Rule 7.1. The scheduled hearing date will remain in place [Dkt. # 14].

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS